*Court of Common Pleas, Dauphin County, September 23d,* 1854.

### GINGRICH ET AL. *v.* THE HARRISBURG, PORTSMOUTH, MT. JOY AND LANCASTER RAILROAD COMPANY.

When a viewer has expressed an opinion as to a former and somewhat similar case, that does not render him incompetent to serve on the view; the party waives objection to a viewer by appearing at the hearing.

BY THE COURT.—The exceptions to the viewers we consider entirely frivolous, except as to John Raymond; and the only one having the appearance of validity against him is that he had previously expressed an opinion "that no man ought to have a cent of damages on account of the railroad passing over his lands." This was said at the time of some other view and in relation to other property, not an opinion expressed as to this particular case. Had the court known of such expression of opinion we would not have appointed him; but as it did not relate to this case, it may well be questioned whether it would have been a valid objection in law. No exception was taken to any of the jury until ten days after their appointment, and probably not until the order was made out by the clerk. The protest of the counsel was then sent to the president judge out of court, who had no power over the subject-matter, and no authority to make a change, except in open court. After this protest the party went on to view and take full part in the proceedings. If the objection was intended to be relied on the petitioner should have withdrawn and permitted the others to proceed *ex parte*. No substantial injustice was done, as the viewer complained of did not act, was not present, and therefore influenced no one. It is true that the petitioners have a right to the appointment of twelve impartial and disinterested jurors, although but nine of them are required to attend. Yet, we think the objection here taken is not a strictly legal one, as the opinion was not expressed in this case and was not taken in time. The party proceeded with his view and had the chance of a report in his favor, and must run the risk of its being against him. The case has no merits when addressed to our discretion, as the juror did not participate in the business and influenced no one. . . . .

The report of the viewers is confirmed.

*Alricks and Kunkel, for plaintiff.*

*Parke and Lamberton, for defendant.*